# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GETZELL JOHNSON MURRELL, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-12-635-F |
| ) | |
| JODY UPTON, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, has filed a Petition for Writ of Mandamus 28 U.S.C. § 1361 or in the Alternatively a Writ of Habeas Corpus 28 U.S.C. § 2241 by which he seeks to prohibit officials at the Federal Correctional Institution in El Reno from enforcing BOP Program Statement 5266.10, Section 7, which, according to Petitioner, "permit[s] prison officials to return commercial publishing deemed sexual explicit to sender (publisher) prior to the inmates completion of administrative review."[1] Memorandum of Law InSupport of a Writ of Mandamus, 28 U.S.C. § 1361 or in the Alternatively a Writ of Habeas Corpus, 28 U.S.C. § 2241, ECF No. 2 at 3.

The undersigned initially found that a $5 filing fee was appropriate for Petitioner's action but, upon subsequent review, determined "that as the petition does not attack the execution of Petitioner's sentence, it is not cognizable under 28 U.S.C. § 2241" and that "[t]he action is construed solely as one seeking mandamus relief, and this court's previous finding . . . that the $5.00 habeas corpus filing fee submitted by Petitioner is sufficient in this

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

case is vacated." ECF No. 9 at 1. Consequently, Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit, ECF No. 3, was once again at issue. In this regard, the undersigned then specifically advised Petitioner that "a review of available court documents reveals that the United States Court of Appeals for the Fifth Circuit has determined that Petitioner has had three or more cases dismissed as frivolous and is, consequently, subject to the three strikes provision of 28 U.S.C. § 1915."[2] ECF No. 9 at 1. Petitioner was ordered "to show cause . . . why his application for leave to proceed *in forma pauperis* should not be denied in accordance with 28 U.S.C. § 1915(g) and why he should not be ordered to pay the full $350 filing fee required for a petition seeking mandamus relief

---

[2]Title 28 U.S.C. § 1915(g), the so-called three strikes provision of the *in forma pauperis* statute, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision does not bar a prisoner with three strikes from filing civil actions, but it does eliminate the privilege of proceeding *in forma pauperis* unless the imminent danger exception is demonstrated. A prisoner who has three strikes may, in any event, proceed in civil actions or appeals by prepaying the filing fee. *See Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 778 (10th Cir. 1999); *see also Medberry v. Butler*, 185 F.3d 1189, 1193 n. 2 (11th Cir. 1999) ("We note that 28 U.S.C. § 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan.").

before being allowed to proceed with this action." *Id.* at 1-2.

Petitioner has now filed his response and does not contest the fact that a judicial determination has been made that he has had three or more cases dismissed as frivolous. ECF No. 10. Accordingly, there is no question that prepayment of fees is required. Petitioner does, however, advance two theories in an attempt to explain why the $5 filing fee he has already paid is sufficient. First, Petitioner attempts to draw a distinction between a petition seeking a writ of mandamus and a civil rights complaint, citing to an order from the District of Kansas stating that "[t]he fee for filing a civil rights complaint is $350.00. The filing fee for a petition for writ of mandamus is $5.00." *Kenemore v. Chester,* No. 10-3101-RDR, 2010 WL 2346423, at *1 (D. Kan. June 9, 2010). Nonetheless, the Tenth Circuit has squarely held "that petitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915[,]" the Prison Litigation Reform Act. *Green v. Nottingham,* 90 F.3d 415, 418 (10th Cir. 1996). And, Congress has mandated that

> [t]he clerk of each district court shall require the parties instituting any *civil action*, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.

28 U.S.C. § 1914(a) (emphasis added). Thus, Petitioner's fee to file his action is $350.

Second, Petitioner appears to maintain that a $5 filing fee is appropriate because the conduct of which he complains could impact the duration of his custody.[3] He argues that "in

---

[3]Petitioner's argument is at odds with the following attestation in his memorandum in support of his petition:

(continued...)

3

this case the petitioner has alleged that the Bureau of Prisons use of Program Statement 5266.10 Section 7, has a probabilistie impact on the duration of his custody that his claim is interrelated to gain relief under mandamus or habeas." ECF No. 10 at 2. As support, he cites two inapposite decisions. The first, *Razzoli v. Federal Bureau of Prisons,* 230 F.3d 371 (D.C. Cir. 2000), determined that the prisoner's claims with regard to a disciplinary report and loss of earned credits – neither of which is involved here – implicated the duration of the prisoner's incarceration and were cognizable only in habeas. The second, *Stover v. Carlson,* 413 F.Supp. 718 (D. Conn. 1976), involved a challenge to a prison's distribution of inmates' incoming mail, including privileged mail. The *Stover* court determined without discussion that it had jurisdiction under 28 U.S.C. § 2241 for purposes of granting injunctive relief but clearly construed the action as one seeking a writ of mandamus. *Id.* at 724, n.1. Neither case supports Petitioner's position that the duration of his sentence will be impacted in any manner by the Bureau of Prison's decision to return commercial publications to their sender before he can complete his administrative review process. Thus, this action is properly characterized as one seeking mandamus – but not habeas – relief, and Petitioner's motion for leave to proceed without prepayment of a $350 filing fee for this civil action should be

---

[3](...continued)
  Petitioner challenges Program Statement 5266.10, Section 7 and the procedures and not the fact nor the duration of his confinement where a decision finding the regulation 28 CFR § 540.72 (BOP Program Statement) 5266.10, Section 7, will not produce an early release, but will simply ensure the constitutional resolution of claim.

ECF No. 2 at 4.

denied in accordance with 28 U.S.C. § 1915(g).

### RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, it is recommended that Petitioner's motion to proceed without prepayment of fees, ECF No. 3, be denied and this action be dismissed without prejudice unless Petitioner pays the full $350 filing fee within twenty days from the date of any order adopting this Report and Recommendation.

Petitioner is advised that any objection to this Report and Recommendation must be filed with the Clerk of this Court by the 18th day of September, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**IT IS SO ORDERED** this 29th day of August, 2012.

                                                                          _____
                                                                          BANA ROBERTS
                                                                          UNITED STATES MAGISTRATE JUDGE